UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DANIEL ISIDRO NUNEZ, | No. CV 12-10800-JVS (PLA) |
|     Petitioner, | **ORDER ACCEPTING FINDINGS,** |
| v. | **CONCLUSIONS AND RECOMMENDATION** |
| M.D. BITTER, | **OF UNITED STATES MAGISTRATE JUDGE** |
|     Respondent. | |

### INTRODUCTION

On February 26, 2015, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that petitioner's Petition for Writ of Habeas Corpus be denied and the action dismissed with prejudice. On May 21, 2015, following two extensions of time, petitioner filed Objections to the Court's Report and Recommendation. ("Objs.").

### DISCUSSION

First, petitioner purports to seek an untimely "stay and abeyance" to allow the "California Court to rule on petitioner's writ." (Objs. at 2, 7). Petitioner purports to argue that he has raised "these claims" to the "California Superior Court recently," but he only references an attached "Ex. A." (Objs. at 7-8). However, no Exhibit A is attached to his Objections. The first attachment to his

1 Petition herein is the California Court of Appeal decision (see Doc. No. 1 at 12); no attachment
2 concerns a habeas petition to the California Superior Court. Petitioner also refers to "new
3 evidence" in his Objections, but he once again cites only his "attachment A writ for habeas
4 corpus." (Objs. at 2).

Additionally, petitioner objects that the Court "did not understood [sic] petitioner[']s claim," but it appears that petitioner is contending that the Court should have considered "if the wrongly admitted evidence re[n]dered the trial fundamentally unfair" (Objs. at 5), which is precisely the standard used by the Magistrate Judge in rejecting petitioner's Grounds 2 and 3. (See R&R at 24-26).

Further, petitioner objects that the Magistrate Judge erred in finding that the hearsay testimony concerning the license plate number of the car involved in the uncharged crime was not testimonial (see R&R at 19-20), and that the Magistrate Judge erred in failing to "rely on" Williams v. Illinois, __ U.S. __, 132 S. Ct. 2221, 2228, 183 L. Ed. 2d 89 (2012). (Objs. at 2-3). Williams, however, pertained to the admission of testimony at trial by an expert concerning hearsay statements that were used by the expert to explain the assumptions upon which her opinion rested. Petitioner's case did not involve expert testimony pertaining to the license plate number.

Finally, petitioner's reliance on People v. Chiu, 59 Cal. 4th 155, 172 Cal. Rptr. 3d 438, 325 P.3d 972 (2014), does not warrant a different result. While the Chiu court held that "an aider and abettor may not be convicted of first degree *premeditated* murder under the natural and probable consequences doctrine," Chiu at 158-59, the court explicitly stated that the holding "does not affect or limit an aider and abettor's liability for first degree felony murder." Id. at 166. Here, petitioner was convicted of first degree murder under the felony murder rule. See R&R at 29-30. Further, because any error in the natural and probable consequences instructions was harmless in light of the fact that the prosecutor only argued a theory of felony murder and the fact that the jury convicted petitioner of kidnapping, the holding in Chiu, even if applied retroactively, would not result in the Court rejecting the analysis in the R&R.

Accordingly, after full consideration of the arguments and allegations in petitioner's Objections, the Court concludes as follows:

**CONCLUSION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the Magistrate Judge's Report and Recommendation, and petitioner's Objections thereto. The Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which objections have been made. The Court accepts the recommendations of the magistrate judge.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted.
2. Judgment shall be entered consistent with this order.
3. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: May 29, 2015

HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE